CYNTHIA L. MELLEMA (Bar No. 122798)
JEFFRY BUTLER (Bar No. 180936)
ELIZABETH C. THRONE (Bar No. 274451)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:      (415) 267-4000
Facsimile:      (415) 267 4198
E-mail:      cynthia.mellema@dentons.com
            jeffry.butler@dentons.com
            elizabeth.throne@dentons.com

Attorneys for Defendant
ALLSTATE INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MARIA LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, and DOES 1 TO 10, inclusive,<br><br>Defendants. | No. _____<br><br>**NOTICE OF REMOVAL OF A CIVIL ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), Allstate

Indemnity Company hereby removes to this Court the action described below and respectfully

submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

1.      On August 24, 2016, plaintiff Maria Lopez commenced an action in the Superior

Court of the State of California in and for the County of Contra Costa titled "*Maria Lopez v.

Allstate Indemnity Company, and Does 1 through 10, inclusive,*" Case No. C16-01644 (the

-1-

CASE NO. _____          NOTICE OF REMOVAL OF CIVIL ACTION

*(left margin)* DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1    "Superior Court Action").

2        2.    In her complaint in the Superior Court Action Ms. Lopez alleges that, on

3    September 27, 2014, she was injured when the Allstate-insured vehicle in which she was a

4    passenger collided with a bicycle laying on I-80 in Richmond, California.  (Complaint, ¶¶ 6, 8,

5    9, 19, 24.)  She alleges Allstate failed to disclose the type and amount of coverage available to

6    her, failed to reasonably investigate her claim, and wrongfully denied her claim.  (*Id.*, ¶¶ 14, 25-

7    37, 39.)  Based on these allegations, she asserts causes of action against Allstate for (1) breach

8    of the duty of good faith and fair dealing; and (2) breach of the contractual duty to pay a

9    covered insurance claim.

10   SERVICE

11       3.    Ms. Lopez served the Summons and Complaint in the Superior Court Action on

12   Allstate on or about September 12, 2016.  Attached as Exhibit A are true and correct copies of

13   the summons, complaint, civil case cover sheet, other Superior Court documents served with

14   the complaint, and Allstate's answer.

15   DIVERSITY OF CITIZENSHIP

16       4.    Allstate is informed that Ms. Lopez was, at the time of filing of the Superior Court

17   Action, and at all relevant times has been, a citizen and resident of the State of California.  (See,

18   Complaint, ¶ 1.)

19       5.    Allstate Indemnity Company was, at the time of filing of the Superior Court

20   Action, now is, and at all relevant times has been, a corporation organized and existing under

21   the laws of the State of Illinois, with its principal place of business in the city of Northbrook,

22   Illinois.  (See, Cal. Dep't. of Ins., available at http://www.insurance.ca.gov (last visited

23   September 27, 2016) (Allstate Indemnity Company's profile on file with the California

24   Department of Insurance showing it is a citizen and resident of Northbrook, Illinois).

25       6.    Ms. Lopez and Allstate, accordingly, are citizens and residents of different states.

26       7.    "Doe" defendants must be disregarded in determining diversity of citizenship.  28

27   U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants

28   sued under fictitious names shall be disregarded.").

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

-2-
CASE NO. _____                    NOTICE OF REMOVAL OF CIVIL ACTION

1

<u>AMOUNT IN CONTROVERSY</u>

2       8.     Ms. Lopez' complaint alleges that Allstate paid nothing on her claim, and that her

3   compensatory damages exceed $250,000.  (Complaint, ¶¶ 37, 49.)

4       9.     Ms. Lopez also seeks punitive damages.  (Complaint, Prayer for Relief, ¶ 4.)

5   Although Allstate believes there is no basis to award punitive damages in this case, such

6   requests for relief must be considered in determining the amount in controversy.  *Surber v.*

7   *Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

8       10.    Accordingly, the amount in controversy in the Superior Court Action exceeds

9   $75,000, exclusive of interest and costs.

10                          <u>ORIGINAL JURISDICTION</u>

11      11.    The Superior Court Action is a civil action of which this Court has original

12   jurisdiction under 28 U.S.C. section 1332, in that Ms. Lopez and Allstate are citizens of

13   different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14      12.    The case is therefore one that Allstate may remove to this Court pursuant to 28

15   U.S.C. sections 1441 and 1446.  The removal is effected within thirty days of service of the

16   complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

17       WHEREFORE, Allstate hereby gives notice that this action has been removed, in its

18   entirety, from the Contra Costa County Superior Court to the United States District Court for

19   the Northern District of California for further proceedings as though it originally had been

20   instituted in the Northern District of California.

21   Dated:  October 11, 2016                    DENTONS US LLP

22

23                                             By:   /s/ Elizabeth C. Throne

24                                                 ELIZABETH C. THRONE

25                                             Attorneys for Defendant
                                               ALLSTATE INDEMNITY COMPANY

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

CASE NO. _____          -3-
                               NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A
# to Notice of Removal

9/12/16 1:45

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allstate Indemnity Company, Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Maria Lopez

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

AUG 24 2016

STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court - Contra Costa
Wakefield Taylor Courthouse 725 Court Street, Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):*
**C 16 - 0 1 6 4 4**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Beckerman Anderson, APC, 1072 Bristol St, Suite 209, Costa Mesa, CA 92626, 949-474-2254

| DATE: *(Fecha)* | AUG 24 2016 | Clerk, by *(Secretario)* | S. OZUNA | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Allstate Indemnity Company

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Robert Beckerman, SBN 271004<br>Beckerman Anderson, APC<br>1072 Bristol Street, Suite 209<br>Costa Mesa, CA 92626<br>TELEPHONE NO: 949-474-2254    FAX NO: 949-427-2454<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br><br>AUG 24 2016<br><br>STEPHEN H. NASH CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By_____ Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Lopez v. Allstate Indemnity Company, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C16-01644<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
✔ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/22/16

Robert Beckerman
_____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

1  Robert Beckerman (SBN 271004)
   BECKERMAN ANDERSON APC
2  1072 Bristol Street, Suite 209
   Costa Mesa, CA 92626
3  Tel.: 949-474-2254
4  Fax: 949-427-2454
5  Attorneys for Plaintiff
6
7
8

F I L E D

AUG 24 2016

STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

PER LOCAL RULES 5 THIS
CASE IS ASSIGNED TO
DEPT. _____

SUMMONS ISSUED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA, WAKEFIELD TAYLOR COURTHOUSE

9   MARIA LOPEZ,
10                     Plaintiff,
11      vs.
12  ALLSTATE INDEMNITY COMPANY, and
    DOES 1 TO 10, inclusive.
13                     Defendants.
14
15
16

Case No.: **C16-01644**

**COMPLAINT FOR:**

1. **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**
2. **BREACH OF THE CONTRACTUAL DUTY TO PAY A COVERED INSURANCE CLAIM**

UNLIMITED CIVIL

17  PLAINTIFF ALLEGES AGAINST DEFENDANTS, AND EACH OF THEM:
18
19                      **COMMON ALLEGATIONS**
20  1. At all times herein mentioned, Plaintiff MARIA LOPEZ ("LOPEZ") is an adult individual
21     residing in the State of California.
22  2. At all times herein mentioned, Defendant ALLSTATE INDEMNITY COMPANY
23     ("ALLSTATE") is a corporation authorized to transact and is transacting the business of
24     insurance in California.
25  3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1
26     to 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will
27     amend this Complaint to allege their true names and capacities when ascertained. Plaintiff
28     is informed and believes, and thereon alleges, that each of the fictitiously named

COMPLAINT – 1 –

1   Defendants participated in or contributed to Plaintiff's damages, either directly or
2   vicariously.

3   4. That the above Court is the proper court in which to bring this action, pursuant to
4   *California Code of Civil Procedure §395* in that the contract was to be performed within
5   the county and the injury which gave rise to the contractual obligation occurred within the
6   county.

7

8                         **GENERAL ALLEGATIONS**

9   5. In or around May 2014, LOPEZ and her husband, Luis, renewed an automobile insurance
10  policy with ALLSTATE (the "Policy"). The Policy number was 6 99 680265 11/30. This
11  Policy had been renewed over the years. LOPEZ continuously paid premiums to
12  ALLSTATE for the coverage.

13  6. The Policy covered a 2008 Ford Truck Ranger and a 2008 Ford Fusion. Among the various
14  policy terms purchased and paid for by LOPEZ, was an Uninsured Motorist provision with
15  a bodily injury limit of $250,000 per person and $500,000 per accident ("UM").

16  7. The Policy coverage period was from May 30, 2014 to November 20, 2014.

17  8. On September 27, 2014, Mr. Lopez was driving the 2008 Ford Fusion on I-80 in the city of
18  Richmond. LOPEZ was in the passenger seat.

19  9. As Mr. Lopez was driving, a bicycle fell off another vehicle, suddenly appearing in his lane
20  in such a manner that he was unable to avoid contacting it as it bounced into his vehicle
21  despite Mr. Lopez having been driving with all reasonable and due care.

22  10. As a result of the contact with the bicycle, the vehicle swerved back and forth before Mr.
23  Lopez was able to regain full control. During this, LOPEZ was thrown back and forth
24  violently within the car.

25  11. After regaining control of the vehicle, Mr. Lopez was able to pull over to the shoulder for
26  the two of them to collect themselves. Mr. Lopez exited the vehicle and could see that
27  damage had been done to the undercarriage, but was unsure of the extent of the damage.

28

1   Mr. Lopez decided to drive the vehicle directly to Hilltop Ford, which was nearby the

2   accident site.

3   12. Upon reaching Hilltop Ford, the vehicle was inspected and determined to have severe

4   damage.

5   13. Thereafter, before taking any further action regarding the vehicle damage, LOPEZ

6   contacted ALLSTATE. LOPEZ conveyed that they had hit a falling bicycle and sent in a

7   copy of the estimate.

8   14. Prior to conducting any investigation, ALLSTATE immediately conveyed to LOPEZ that it

9   would not be in her financial interest to make a claim for collision coverage because

10   ALLSTATE would raise her rates if she did. ALLSTATE did not advise LOPEZ of the

11   potential for UM benefits. ALLSTATE did not advise LOPEZ to report the incident to the

12   police. ALLSTATE did not request an opportunity to inspect the vehicle.

13   15. As a result of her conversation with ALLSTATE, LOPEZ was led to believe that she had

14   no available remedy or benefits. As such, LOPEZ opted to trade-in the vehicle as-is to

15   Hilltop Ford as part of a new vehicle purchase.

16   16. Insurance Code §11580.2(b)(1) provides that UM policies must cover their insureds when

17   the responsible vehicle is unidentified, so long as there is physical contact with the insured

18   vehicle. Long established case law holds that physical contact may occur when the

19   insured's car is struck by something falling from another car. See *Inter-Insurance Exch. of*

20   *Auto. Club of So. Calif. v. Lopez*, 238 Cal. App. 2d 441, 445-446 (1965).

21   17. Insurance Code §11580.2(b)(2) provides that in situations where the responsible vehicle is

22   unknown, the insured or someone on his or her behalf is to report the accident to the police

23   department in the city where the accident occurred, or if the accident occurred in an

24   unincorporated territory, then either to the sheriff of the county where the accident occurred

25   or to the local headquarters of the California Highway Patrol.

26   18. Upon being notified of the facts of loss (namely hitting a falling object in the road),

27   ALLSTATE had an obligation to convey to LOPEZ the potential UM coverage and advise

28   her on how to secure those benefits. ALLSTATE did not do this.

COMPLAINT – 3 –

19. Over the following week, LOPEZ's pain intensified such that she felt compelled to seek out medical treatment on October 7, 2014.

20. LOPEZ again contacted ALLSTATE regarding her claim and spoke with Koreen Ocampo, the claim supervisor, regarding her injuries and how they occurred.

21. Following that conversation, ALLSTATE immediately sent a letter stating that they had "completed our review of your accident" and "determined that the driver of your motor vehicle was principally at fault" because "insured hit a fixed object." However, absolutely no investigation had been performed. No recorded statements were taken. No inquiries with highway patrol or any other law enforcement agencies were made.

22. Neither that letter, nor any other letter or oral statement by anyone from ALLSTATE made any mention of potential UM benefits or provided any guidance on how to obtain them. However, ALLSTATE, knowing that LOPEZ had been injured, did provide information about how to proceed with a Medical Payments claim.

23. ALLSTATE further advised that LOPEZ should report the incident to the DMV and provided her with an SR-1. The report was sent in to the DMV a few days after LOPEZ received it.

24. Thereafter, LOPEZ continued to treat for her injuries which were severe. She eventually required shoulder and neck surgeries. All the while during her treatment, information about the severity of the injuries was conveyed to ALLSTATE.

25. Despite being on notice of the facts of loss and bodily injuries of LOPEZ, ALLSTATE never opened a UM claim, never advised LOPEZ of the potential for a UM claim or her policy limits, never conducted any form of investigation into the UM claim, and never gave LOPEZ any information on how to pursue a UM claim.

26. Eventually, LOPEZ retained counsel who contacted ALLSTATE about LOPEZ's UM claim. Counsel was directed to speak with Ms. Ocampo regarding the claim. Ms. Ocampo conveyed to LOPEZ's counsel that no recorded or written statements were ever taken, no police report was on file, no DMV report, no photographs, damage estimates or anything other than system-generated claim letters were in the file. Ms. Ocampo further conveyed

1    that no UM claim was ever opened or investigated because LOPEZ was unable to identify

2    the vehicle from which the bicycle fell. Ms. Ocampo intimated that ALLSTATE has a

3    company-wide practice of not providing UM coverage where the vehicle responsible for the

4    damage is unidentified. Ms. Ocampo also provided a copy of the Policy which was

5    represented to have been in effect at the time of the accident.

6  27. Attached hereto as Exhibit A is a true and correct copy of the Uninsured Motorist Insurance

7    Policy provision which ALLSTATE represented was in effect at the time of loss.

8  28. The Policy defines an uninsured auto as "a hit-and-run motor vehicle which causes: (a)

9    bodily injury to an insured person by physical contact with the insured person or with a

10    vehicle occupied by that person. The identity of the operator and the owner of the vehicle

11    must be unknown. The accident must be reported within 24 hours to the proper authorities.

12    We must be notified within 30 days." This provision is both ambiguous and deceptive as it

13    materially differs from Insurance Code §11580.2(b) in a way which misleads insureds.

14  29. After LOPEZ confirmed this conversation with Ms. Ocampo in writing, ALLSTATE

15    assigned a new adjuster, Tina Fuizzotti, who sent a letter indicating that the "investigation

16    of the loss is continuing," thus contradicting previous letters which indicated it had been

17    concluded.

18  30. Thereafter, on January 27, 2016, some 16 months post-loss, ALLSTATE finally took the

19    recorded statement of Mr. Lopez. English is not Mr. Lopez's native language and he has

20    obvious difficulties communicating in English. This was obvious to ALLSTATE from the

21    moment they first communicated with Mr. Lopez. However, ALLSTATE proceeded to take

22    a recorded statement from Mr. Lopez in which the adjuster asked him numerous questions

23    in English about the details of the accident. Any reasonable claims adjuster intending to

24    conduct a thorough investigation of the claim would have requested the assistance of an

25    interpreter to ensure that Mr. Lopez understood the questions and was able to provide

26    accurate and detailed answers. But ALLSTATE, bent on searching for any possible basis to

27    deny the claim, took advantage of Mr. Lopez's inability to communicate in English by

28    conducting the recorded statement entirely in English without the assistance of an

1    interpreter. In taking the recorded statement, ALLSTATE asked Mr. Lopez leading

2    questions in English designed solely to elicit responses that ALLSTATE could use to deny

3    coverage. Mr. Lopez's responses to ALLSTATE's questions were vague and disjointed,

4    making it clear that he did not understand exactly what ALLSTATE was asking him about

5    the accident. Nonetheless, ALLSTATE ultimately issued multiple letters in which it

6    claimed there was no coverage for the accident based on Mr. Lopez's recorded statement

7    alone.

8   31. Approximately three weeks after the UM adjuster was assigned to the claim, LOPEZ,

9       through counsel, sent a letter to ALLSTATE requesting the status of the claim. The letter

10      pointed out to ALLSTATE the statutory and case law authority which establishes that UM

11      benefits are available where a car is hit by an object falling from another vehicle.

12  32. Subsequently, on or about February 25, 2016, ALLSTATE issued a coverage denial letter.

13      In stating their reasons, ALLSTATE again indicated that the "insured driver struck a fixed

14      object in the roadway." ALLSTATE then cited to policy language regarding what

15      constitutes an "uninsured vehicle" under the Policy but failed to address the statutory or

16      case law authority regarding falling objects. ALLSTATE also failed to cite to any statement

17      or evidence which supported their position that the object was "fixed."

18  33. Thereafter, upon request, ALLSTATE provided a written transcript of the recorded

19      statement of Mr. Lopez. Upon review of that transcript, Mr. Lopez never stated that he hit a

20      "fixed" object. At most, due to the matter in which ALLSTATE conducted the interview,

21      Mr. Lopez's statement is unclear and ambiguous as to what occurred during the incident.

22      This was pointed out to ALLSTATE again on or about April 14 with a representation that

23      once LOPEZ's surgery was complete, a full demand would be submitted.

24  34. However, prior to submitting that information, ALLSTATE retained counsel who sent

25      another denial letter on or about June 2, again citing the basis for the denial to be an

26      insistence that Mr. Lopez had stated he hit a fixed object. ALLSTATE ignored evidence

27      favorable to the claim, ignored the representation that additional information would be

28      forthcoming, and still did not take the statement of LOPEZ.

35. The June 2 letter also made other assertions which contradicted previous representations by ALLSTATE regarding the extent of the investigation which had been done. Although previously having asserted that no statements were taken, ALLSTATE now claimed that Mr. Lopez's January 27 statement was consistent with his statement made at or near the time of the accident.

36. Thereafter, on or about July 8, LOPEZ submitted a full demand outlining the facts of loss, basis for coverage, and her substantial damages. Included as part of this package was the DMV report which Mr. Lopez had submitted, pursuant to ALLSTATE's instruction, a few weeks after the accident. In that report, Mr. Lopez stated that he "hit a bicycle that fell off a car while driving on I80."

37. On July 28, ALLSTATE's counsel again denied coverage maintaining their insistence that their reading of Mr. Lopez's statement confirmed that he hit a fixed object. The letter dismissed statements Mr. Lopez had made which supported the fact that the bicycle was not a fixed object and completely ignored the DMV report, written near the time of the accident, which supported the fact that the bicycle was not a fixed object.

## FIRST CAUSE OF ACTION FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### (As against all Defendants)

38. Plaintiff refers to paragraphs 1 through 37 of this complaint and incorporates them by reference as if same were set forth herein in their entirety.

39. In every insurance policy there exists an implied good faith covenant that the insurance company will not do anything to injure the right of the insured to receive the benefit of the policy. ALLSTATE breached its duty of good faith and fair dealing owed to LOPEZ in the following ways:

    a. Unreasonably and without proper cause refusing to pay the benefit owed under the UM Policy;

1      b. Failing to diligently search for evidence to support LOPEZ's claim and instead
2          searching only for ways to deny the claim;
3      c. Failing to conduct a reasonable and thorough claim investigation upon being
4          notified of the facts of loss;
5      d. Failing to fully inquire into all possible bases for potential coverage;
6      e. Failing to communicate with LOPEZ regarding the potential availability of UM
7          benefits;
8      f. Failing to disclose policy limits and explain applicable policy provisions or
9          exclusions;
10     g. Failing to assist LOPEZ in determining the potential extent of ALLSTATE's UM
11         liability;
12     h. Failing to bring LOPEZ's attention to relevant information to enable her to take
13         action necessary to secure rights afforded under the Policy;
14     i. Failing to utilize objective standards in making its claims decisions, choosing to
15         ignore evidence which supports the claim and focus solely on facts justifying denial;
16     j. Use of coercive tactics in an attempt to obtain evidence which could be used to deny
17         the claim;
18     k. Relying solely on ambiguous evidence obtained in a coercive manner as basis to
19         deny claim, refusing to consider all other evidence;
20     l. Failing to maintain adequate investigative procedures;
21     m. Failing to consider LOPEZ's interests as much as its own in handling the claim.
22  40. ALLSTATE furthermore committed institutional bad faith. ALLSTATE's institutional bad
23     faith amounts to reprehensible conduct because the conduct is part of a repeated pattern of
24     unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a
25     conscious course of wrongful conduct that is firmly grounded in the established company
26     policy at ALLSTATE.
27  41. ALLSTATE's institutional bad faith includes having a policy of threatening to raise rates to
28     discourage claims and of immediately denying claims where the vehicle is unidentified

1    without advising insureds of the potential availability of UM benefits or explaining how to

2    obtain them.

3  42. ALLSTATE's institutional bad faith further includes use of ambiguous and deceptive

4    policy language which does not provide an appropriate definition of "uninsured vehicle"

5    that comports with Insurance Code §11580.2(b). Insurance Code §11580.2(b) does not use

6    the term "hit-and-run," it merely provides that an "uninsured vehicle" is one where the

7    owner or operator is unknown and the injury arises out of physical contact with that

8    automobile. By using the colloquial "hit-and-run" language, ALLSTATE is either intending

9    to improperly limit the availability of UM in a manner which excludes contact with falling

10    objects or deceiving insureds into believing that UM coverage is only available in situations

11    which meet that colloquial definition to the exclusion of insureds making contact with

12    falling objects.

13  43. The ALLSTATE provision is also ambiguous in that it provides no guidance as to who the

14    "proper authorities," thus leaving lay insureds to guess at to whom they need to report the

15    accident.

16  44. ALLSTATE's conduct was undertaken by its managers or managing agents, who were

17    responsible for claims supervision and operations, communications and decisions. This

18    conduct was undertaken on behalf of ALLSTATE, which had advance knowledge of the

19    actions and conduct of said individuals whose actions and conduct it ratified, authorized

20    and approved.

21  45. As a direct and proximate result of ALLSTATE's breach, LOPEZ has suffered and will

22    continue to suffer damages. These damages include the withheld benefit of the Policy,

23    emotional and mental distress and other general and special damages.

24  46. As a further proximate result of the aforementioned unreasonable conduct of ALLSTATE,

25    LOPEZ was compelled to retain legal counsel to obtain the benefit due under the Policy.

26    ALLSTATE therefore is liable to LOPEZ for those attorney fees, witness fees, and costs of

27    litigation reasonably necessary and incurred by her in order to obtain the Policy's benefit.

28

47. ALLSTATE intended its conduct to cause injury to LOPEZ or engaged in despicable conduct carried out with a willful and conscious disregard of LOPEZ's rights or subjected LOPEZ to cruel and unjust hardship in conscious disregard of her rights. Alternatively, ALLSTATE's conduct constituted an intentional misrepresentation, deceit or concealment of a material fact known to ALLSTATE with the intention of depriving LOPEZ of property, legal rights or of causing other injury. ALLSTATE knew the law regarding UM benefits with relation to falling objects, but deliberately failed to inform LOPEZ in order to be able to deny paying the claim. ALLSTATE also deliberately deceived, mislead, or concealed the availability of benefits generally by using a Policy provision which restricted the definition of uninsured motor vehicle and was ambiguous regarding the steps necessary to secure the benefit. ALLSTTE's conduct therefore constitutes malice, oppression, or fraud under California Civil Code §3294. Entitling LOPEZ to punitive damages in an amount appropriate to punish and set an example of ALLSTATE and deter future similar conduct.

## SECOND CAUSE OF ACTION FOR BREACH OF THE CONTRACTUAL DUTY TO PAY A COVERED INSURANCE CLAIM

### (As against all Defendants)

48. Plaintiff refers to paragraphs 1 through 47 of this complaint and incorporates them by reference as if same were set forth herein in their entirety.

49. LOPEZ suffered a bodily injury in the automobile accident of September 27, 2014. The medical special damages, together with the general damages from that injury, exceed $250,000.

50. LOPEZ notified ALLSTATE of the loss under the terms of the Policy.

51. ALLSTATE failed to pay the claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

1.  The benefit due under the Policy, plus interest;

2.  General and special damages, including damages for emotional and mental distress and prejudgment interest, for ALLSTATE's breach of the duty of good faith and fair dealing, in an amount to be determined at trial;

3.  Upon a finding of bad faith, attorney fees incurred, pursuant to *Brandt v. Superior Court, 37 Cal. 3d 813 (1985)*, in recovering the benefit due under the Policy;

4.  Punitive damages for ALLSTATE's oppressive, malicious, or fraudulent breach of the duty of good faith and fair dealing, in an amount to be determined at trial;

    For costs of suit; and

5.  For such other and further relief that this honorable court deems just and proper in the interest of justice.

Dated: August 22, 2016                          BECKERMAN ANDERSON APC

                                        By:

                                                Robert Beckerman
                                                Attorney for Plaintiff

COMPLAINT – 11 –

# Allstate Insurance Company

b) repairing or servicing autos, including any related duties.

2. due to any attempt at suicide while sane or insane.

3. due to any act of war, insurrection, rebellion or revolution.

4. sustained while in, on, getting into or out of, or when struck as a pedestrian by
   a) a vehicle operated on rails or crawler-treads;
   b) a vehicle or other equipment designed for use off public roads, while not on public roads; or
   c) a vehicle when used as a residence or premises.

## To Whom And When Payment Is Made
Weekly benefits are payable to the disabled insured person. Accrued weekly benefits are payable every four weeks. Any remaining balance is payable at termination of the disability period. Benefits end upon the death of the insured person.

## Proof Of Claim; Medical Reports
As soon as possible, any person making claim must give us written proof of claim.

The injured person may be required to take medical examinations by physicians we choose, as often as we reasonably require. We must be given authorization to obtain medical reports and copies of records.

# Part VI
# Uninsured Motorists Insurance Coverage SS
We will pay those damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
1. bodily injury sustained by an insured person, and property damage.

2. Property damage is covered only if a separate limit is shown on the Policy Declarations for Uninsured Motorists Insurance---Property Damage.

The bodily injury or property damage must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. We will not pay any punitive or exemplary damages.

The right to benefits and the amount payable will be decided by agreement between the insured person and Allstate. If an agreement can't be reached, the decision will be made by arbitration.

If an insured person sues a person believed responsible for the accident without our written consent, we aren't bound by any resulting judgment.

## Insured Persons
1. You and any resident relative.

2. Any other person while in, on, getting into or out of an insured auto with your permission.

3. Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission.

## An insured auto is a motor vehicle:
1. described on the Policy Declarations. This includes the motor vehicle you replace it with.

2. you become the owner of during the premium period. This additional motor vehicle will be covered for 30 days immediately after you become the owner. However, we will provide this coverage only if Allstate or one of its affiliates insure all other private passenger motor vehicles you own, and you pay the additional premium. Coverage will be continued beyond this 30 day period only if:
   a) you ask us to continue coverage within 30 days after you acquire the motor vehicle;
   b) we agree to continue coverage for this additional motor vehicle;
   c) you pay the additional premium.

3. not owned by you or a resident relative if being temporarily used while your insured auto is being serviced or repaired, or if your insured auto is stolen or destroyed. The motor vehicle must be used with the owner's permission.

Page 14

EXHIBIT A

## Allstate Insurance Company

4. not owned by you or a resident relative, if being operated by you with the owner's permission. The motor vehicle can't be furnished for the regular use of you or any resident relative.

An insured auto is not a motor vehicle made available for public hire by an insured person. This restriction does not apply when the three following conditions are met:

1. you are operating an auto as a volunteer service for a non-profit charitable organization or governmental agency; and

2. you are transporting physically or mentally handicapped persons or persons 60 years of age or older; and

3. you do not receive more than the amount allowed for by state law for reimbursement of actual mileage driven.

### An uninsured auto is:

1. a motor vehicle which has no bodily injury or property damage liability bond or insurance policy in effect at the time of the accident.

2. a motor vehicle for which the insurer denies coverage, becomes insolvent or refuses to admit coverage except conditionally or with reservation.

3. a hit-and-run motor vehicle which causes:
    a) bodily injury to an insured person by physical contact with the insured person or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown. The accident must be reported within 24 hours to the proper authorities. We must be notified within 30 days.
    b) property damage by direct physical contact with the insured auto. The identity of the operator or the owner of the vehicle must be known or the vehicle itself must be identified by its license number. We must be notified within 10 business days. This coverage does not apply if the identified vehicle has applicable property damage insurance.

    If the insured person was occupying a vehicle at the time of the accident, we have a right to inspect it.

4. an underinsured motor vehicle which has a bodily injury liability bond or bodily injury liability insurance in effect and applicable at the time of the accident, but in an amount less than the applicable bodily injury limit of liability for Uninsured Motorists Bodily Injury coverage shown on the Policy Declarations.

### An uninsured auto is not:

1. a motor vehicle that is lawfully self-insured.

2. a motor vehicle owned by any federal, state, or local government or agency.

3. a motor vehicle insured for bodily injury under Part I of this policy.

### Definitions

1. "Allstate", "We", "Us", or "Our"—means the company as indicated on the Policy Declarations.

2. "Bodily Injury"—means bodily injury, sickness, disease or death.

3. "Motor Vehicle"—means a land motor vehicle or trailer other than
    a) a vehicle or other equipment designed or modified for use off public roads, while not on public roads, or
    b) a vehicle when used as a residence or premises.

4. "Property Damage"—means damage to or destruction of the insured auto, but does not include loss of use of the insured auto, damage to personal property contained in the insured auto or damage caused by an underinsured motor vehicle.

5. "Resident"—means a person who physically resides in your household with the intention of continuing residence there. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household.

6. "You" or "Your"—means the policyholder named on the Policy Declarations and that policyholder's resident spouse.

Page 15

EXHIBIT A



### Superior Court of California, County of Contra Costa

### NOTICE TO PLAINTIFFS
In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

*[1] Health and Safety Code §11470 et seq.*

*[2] Including claims for emotional distress and/or wrongful death.*

Local Court Form – Instructions
CV-655s/Rev. 07/25/2007
Packet Revised 7/1/2011

### Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED.  The packet you have been served should contain:

- a.  The Summons
- b.  The Complaint
- c.  The Notice of Case Management (shows hearing date and time)
- d.  Blank: Case Management Statement (Judicial Council Form CM-110)
- e.  Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f.  Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement*  *(CM-110)*

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

Local Court Form – Instructions
CV-655d/Rev. 11/05/2007

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

**_ADR Case Management Stipulation and Order_**
_(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i.   ☐ Mediation  (☐ Court-connected ☐ Private)
      ii.  ☐ Arbitration  (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by _(date):_ _____ _(no more than 14 days after filing this form)_
   c. ADR shall be completed by _(date):_ _____ _(no more than 90 days after filing this form)_
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery:  (☐ Additional page(s) attached)
      i.   ☐ Interrogatories to:
      ii.  ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv.  ☐ Independent Medical Evaluation of:
      v.   ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i.   _____
      ii.  _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: _____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

---

| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |

| Signature | | Signature | |

| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |

| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) <u>Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.</u>

Dated: _____       _____
                                      **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>(Amount demanded      (Amount demanded is $25,000<br>exceeds $25,000)      or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adapted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ _____ |
| _____ | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to *www.cc-courts.org/adr*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.



**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.  .

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators.  For more information about these programs contact the ADR Program at (925) 957-5787

# Discovery Facilitator Program

In an attempt to avoid protracted, costly and unnecessary discovery disputes, the following Departments are requiring parties to participate in the Discovery Facilitator Program prior to filing a motion in the Court to compel discovery - unless the judge specifically orders otherwise. If you are filing your motion directly with the Court without specific judicial instructions, please include proof of exemption from this program with your filing.

CIVIL

Department 9 – Hon. Judith Craddick

Department 17 – Hon. Barry Goode

Department 21 – Hon. Jill Fannin

Department 34 – Hon. George Spanos

Department 39 – Hon. Ed Weil

PROBATE

Department 14 – Hon. John Sugiyama

Department 39 – Hon. Ed Weil

Discovery Facilitators are experienced attorneys who are volunteering their time to assist the Court in resolving these disputes. There is no cost for participating in the Program.

Go to www.cc-courts.org/dfprogram for details on this Program.

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

LOPEZ VS ALLSTATE

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC16-01644

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  01/11/17        DEPT:  21        TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

   a.  an order establishing a discovery schedule
   b.  an order referring the case to arbitration
   c.  an order transferring the case to limited jurisdiction
   d.  an order dismissing fictitious defendants
   e.  an order scheduling exchange of expert witness information
   f.  an order setting subsequent conference and the trial date
   g.  an order consolidating cases
   h.  an order severing trial of cross-complaints or bifurcating
       issues
   i.  an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  08/26/16        _____

                        S. OZUNA
                        Deputy Clerk of the Court

CYNTHIA L. MELLEMA (Bar No. 122798)
JEFFRY BUTLER (Bar No. 180936)
ELIZABETH C. THRONE (Bar No. 274451)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:    (415) 267-4000
Facsimile:     (415) 267 4198
E-mail:        cynthia.mellema@dentons.com
               jeffry.butler@dentons.com
               elizabeth.throne@dentons.com

Attorneys for Defendant
ALLSTATE INDEMNITY COMPANY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

| MARIA LOPEZ,<br><br>                   Plaintiff,<br><br>        vs.<br><br>ALLSTATE INDEMNITY COMPANY, and<br>DOES 1 TO 10, inclusive,<br><br>                   Defendants. | No. C16-01644<br><br>**ALLSTATE INDEMNITY COMPANY'S ANSWER TO COMPLAINT** |

Allstate Indemnity Company hereby answers plaintiff Maria Lopez' complaint (the "Complaint") as follows:

**GENERAL DENIAL**

Allstate generally denies each and every material allegation in the Complaint pursuant to Code of Civil Procedure 431.30(d). Allstate further denies plaintiff sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of the Allstate.

Allstate files this answer without prejudice to its right to file a further amended answer or other response, including cross-complaints, after conducting discovery.

- 1 -
ALLSTATE INDEMNITY COMPANY'S ANSWER TO COMPLAINT

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## AFFIRMATIVE DEFENSES

### (Applicable To All Causes Of Action)

### First Defense

### (Failure to State Cause of Action)

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### Fourth Defense

### (Unclean Hands)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### Fifth Defense

### (Laches)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of laches.

### Sixth Defense

### (Fault of Others)

Plaintiff's damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Allstate, for which Allstate is not

- 2 -

1    responsible.  Such intentional conduct, negligence, or fault bars recovery against Allstate or

2    comparatively reduces Allstate's percentage of fault or negligence, if any.

3                                    **Seventh Defense**

4                          **(Consent and/or Authorization of Plaintiff)**

5           Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate

6    alleged in the Complaint.

7                                     **Eighth Defense**

8                              **(Active Fault of Plaintiff)**

9           The Complaint, and each purported cause of action in the Complaint, is barred by

10   plaintiff's active fault.

11                                    **Ninth Defense**

12                               **(Comparative Fault)**

13          The Complaint, and each purported cause of action in the Complaint, is barred and/or

14   plaintiff's recovery is reduced because plaintiff's alleged damages resulted from plaintiff's

15   comparative fault.

16                                    **Tenth Defense**

17                              **(Mitigation of Damages)**

18          To the extent plaintiff failed to mitigate, minimize or avoid any damages allegedly

19   suffered, plaintiff's recovery against Allstate, if any, must be reduced by that amount.

20                                   **Eleventh Defense**

21                                 **(No Causation)**

22          Plaintiff is entitled to no relief from Allstate because plaintiff sustained no injury,

23   damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

24                                    **Twelfth Defense**

25                                   **(Privilege)**

26          Allstate's alleged acts, conduct, and/or omissions were lawful, privileged, and/or

27   justified.

28   / / /

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Thirteenth Defense

### (Intervening Cause)

Plaintiff's damages, the fact and extent of which Allstate denies, were proximately caused by intervening, superseding, and/or supervening acts for which Allstate has no liability.

## Fourteenth Defense

### (Election of Remedies)

To the extent plaintiff elected to pursue a certain remedy, plaintiff is barred from pursuing or recovering under any other remedy under the doctrine of election of remedies.

## Fifteenth Defense

### (Indemnification from Responsible Parties)

To the extent Allstate is liable, if at all, for any of plaintiff's claims, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties responsible for plaintiff's claims.

## Sixteenth Defense

### (Statute of Limitations)

The Complaint, and each purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## Seventeenth Defense

### (Obligations Limited to Policy Terms)

Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the Allstate policy and endorsements (the "Policy").

## Eighteenth Defense

### (Policy Limits)

The Policy provides coverage, if at all, only to the extent of the limits of liability

- 4 -

1   listed on the declaration page or otherwise contained in the Policy form and endorsements.

### Nineteenth Defense

### (No Coverage for Claimed Losses)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

### Twentieth Defense

### (Plaintiff's Failure to Comply With Policy Terms)

The Complaint is barred to the extent plaintiff failed to satisfy the terms and/or conditions of the Policy, including but not limited to the conditions set forth under the Policy's provision stating what must be done following a loss.

### Twenty-first Defense

### (Allstate's Compliance With Policy Terms)

Allstate fully performed all obligations, both express and implied, owed to plaintiff under the Policy and applicable law.

### Twenty-second Defense

### (Plaintiff's Claim Raised Genuine Issues)

Plaintiff should take nothing pursuant to the Complaint because plaintiff's claims raised genuine issues and/or disputes as to Allstate's duties, if any, under the Policy, and Allstate reasonably believed in the validity of these issues and/or disputes.

### Twenty-third Defense

### (Good Faith of Allstate)

Allstate's conduct was reasonable and in good faith, hence not tortious.

### Twenty-fourth Defense

### (Speculative Nature of Damages)

Plaintiff is not entitled to judgment because her damage claims are speculative.

///

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 5 -

1

### Twenty-fifth Defense

### (No Entitlement to Attorneys' Fees)

Plaintiff is precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

### Twenty-sixth Defense

### (No Punitive Damages)

The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

### Twenty-seventh Defense

### (Unconstitutionality of Punitive Damages)

Plaintiff's claim for punitive and exemplary damages is barred because the California punitive damages statute is unconstitutional under the United States and California Constitutions in that, among other things, it is void for vagueness, violates the equal protection clause, due process clause, contract clause, and/or Eighth Amendment proscription against excessive fines, and imposes an undue burden on interstate commerce.

### Twenty-eighth Defense

### (Right to Assert Additional Defenses)

Allstate reserves its right to amend its answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1.     That plaintiff take nothing by way of her Complaint and that the Complaint be dismissed with prejudice;

2.     That judgment be entered in Allstate's favor;

/ / /

/ / /

/ / /

/ / /

/ / /

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 6 -

3. That Allstate be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated:      October ⊤, 2016                    DENTONS US LLP

                                              By

                                              ELIZABETH C. THRONE

                                              Attorneys for Defendant
                                              ALLSTATE INDEMNITY COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 7 -

*Re: Contra Costa Superior Court  Case Number: C16-01644*

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One Market Plaza, Spear Tower, 24th Floor, San Francisco, California 94105. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On October 7, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

## ALLSTATE INDEMNITY COMPANY'S ANSWER TO COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

> Robert Beckerman, Esq.
> BECKERMAN ANDERSON APC
> 1072 Bristol Street, Suite 209
> Costa Mesa, CA 92626
> Phone: (949) 474-2254
> Fax:    (949) 427-2454
> *Attorney for Plaintiff, Maria Lopez*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 7, 2016, at San Francisco, California.

Cynthia B. Presley

101646984